**No. 43723.**—Petition 5974–R of Southern Press Cloth Manufacturing Co. (Charleston).

KINCHELOE, Judge: This is a petition filed under the provisions of section 489 of the Tariff Act of 1930 praying for the remission of additional duties accruing under that section by reason of the final appraised value of certain human hair imported from China and entered at the port of Charleston, S. C., exceeding the entered value.

At the trial the duly authorized representative of the petitioner herein, who made entry of the said merchandise, testified that, prior to entry, he inquired of the appraiser for information concerning the proper market value thereof; and that such request was made by submitting in duplicate to the said customs official the printed form, used and recognized at the port of entry of the instant merchandise, for such purpose.   The witness further testified that he was advised by the appraiser that the desired information was not available; that it would have to be obtained from the Customs Information Exchange at New York; that thereupon petitioner supplied a sample of the merchandise for said purpose; that

thereafter he called at the office of the appraiser two or three times a week to learn if the information requested had been received and on each occasion was advised it had not; and that it was not until the invoice in question had come under the observation of the appraiser for appraisement purposes when he was apprised of the increase in value over the invoice price at which entry had been made. Said witness further testified that he has been entering merchandise similar to that covered by the importation in question for a period of 15 years; that he always followed the procedure pursued herein; and that this was the first instance where an advance over the importer's entered value resulted.

The United States appraiser at the port where the instant importation was entered also appeared as a witness and, in the course of his testimony, corroborated the statements of the previous witness relating to the latter's application for information and the procedure followed with reference to determining the proper value at which the merchandise in question should be entered. The appraiser further testified that, upon receipt of the said information from said Customs Information Exchange, he indicated the value on the duplicate of petitioner's request for same, and placed it on his desk at the place where petitioner knew it was to be found and collected. Said customs official further stated, "Within a few days after this value was given, there was no amendment made for the additional value, and since the entry came under my observation for the purposes of appraisement and, in view of the fact that I had no amendment, I appraised the articles at the value that was given to me from the Customs Information Exchange."

It must be borne in mind that duty was *assessed* and *paid* by the importer on the *higher* value found by the appraiser, and that the issue herein relates only to the remission of additional duties which were imposed pursuant to the provisions of section 489 of the Tariff Act of 1930.

While the appraiser was very positive in his statement that he supplied to the petitioner the desired information when it was received from the said Customs Information Exchange, the petitioner's representative was equally emphatic in his testimony that he never received it, although similar information was received relating to other entries on the same day that the appraiser alleged he supplied the value of the instant merchandise.

The writer of this opinion closely observed the demeanor of the witnesses while on the stand testifying, and it is his opinion that both of said witnesses were very frank in all of their answers and showed a willingness to present all of the facts relating to circumstances and conditions bearing on the importation, entry, and appraisement of the merchandise in question.

We have carefully considered the entire record before us, and it is our judgment that the entry of the instant merchandise at a less value than that found on final appraisement was without any intention to defraud the revenue of the United States, or to conceal or misrepresent the facts, or to deceive the appraiser as to the value of the merchandise.

The motion of counsel for respondent to dismiss the petition is accordingly denied, and an exception to said ruling is allowed said counsel.

The petition is therefore granted, and judgment will be rendered accordingly.